IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVY LEE WATERS, et al.,                    Civil No. 03-3073-CO
                                                      ORDER
                Plaintiffs,


        v.

ABBIE JOSSIE, et al.,

                Defendants.


COONEY, Magistrate Judge:

        Plaintiffs brought this action seeking judicial review of

the defendants' decisions dated October 30, 1998 and June 17,

2003.  Plaintiffs requested that the court: 1) set aside the

Interior Board of Land Appeals (IBLA) decisions; 2) reverse

the decision denying plaintiffs a patent to the Garden Spot

claim, or, in the alternative, remand the matter for further

administrative proceedings; and 3) award plaintiffs costs and

attorney fees under the Equal Access to Justice Act, 28 U.S.C.

§ 2412.

Plaintiffs move for an award of attorney's fees and expenses in the amount of $77,699.30 pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A) (#68). Defendants oppose this motion.

## I. BACKGROUND

On January 5, 1987, plaintiffs applied for mineral patent of the Garden Spot Association Placer Claim. AR 002380. On March 27, 1991, the defendants or their predecessors filed a Contest Complaint alleging, among other things, that there was insufficient mineralization on the claim to support patent. AR 001840. Plaintiffs answered the Contest Complaint, AR 001834, and hearings occurred on April 24 and 25, 1992, again on May 6 and May 7, 1992, and again on December 29 and December 30, 1992. AR 000404-000583, AR 001056-001601.

After post-hearing briefing, ALJ Harvey C. Sweitzer issued his Amended Decision on April 14, 1993, holding that the Garden Spot Association Placer Claim was void for lack of discovery of sufficient minerals to support a paying mine. AR 000243. On April 29, 1993, plaintiffs timely filed their Notice of Appeal of the April 14, 1993, Amended Decision.

After briefing, on October 30, 1998, defendants, through the Office of Hearings and Appeals, IBLA, affirmed as modified the April 14, 1993, Amended Decision. AR 000090. On December

21, 1998, plaintiffs timely filed their Petition for Reconsideration of the October 30, 1998, decision of the IBLA. After briefing, on June 17, 2003, the IBLA, en banc, issued its ruling, including dissenting opinions, denying plaintiffs' Petition for Reconsideration. AR 000001.

On August 1, 2003, plaintiffs timely filed this proceeding in the United States District Court for the District of Oregon seeking judicial review of the final agency action in this matter. Plaintiffs' filed a motion for summary judgment (#31) and defendants' filed a cross motion for summary judgment(#39). This court granted defendants' cross motion for summary judgment. Plaintiffs appealed and the Ninth Circuit reversed this court's decision and remanded the case to the agency for further consideration.

## II. <u>DISCUSSION</u>

Plaintiffs seek attorneys' fees in the amount of $73,507.70. Plaintiffs also seek $1,500.00 for a study by Miles Mitchell, $522.00 for Stan Dempsey, $1280.00 for cat work performed by Samuel Crawford, $484.60 for transcripts, and 405.00 for filing fees. Plaintiffs argue that the government's position throughout this case was not substantially justified. In opposition, defendants argue that the plaintiffs were not prevailing parties for purposes of the EAJA, because the mining contest is not resolved. Defendants

ORDER - 3

also argue that the government's position was substantially justified, any fee award should be reduced based on plaintiffs' limited success, plaintiffs' fee application does not adequately document attorney time and costs, and the fee application seeks fees in excess of the statutory maximum. In reply, plaintiffs argue that their fee application is not premature, defendants' have not proven substantial justification, and the fee application is adequate.

Under the EAJA, the court shall award attorney's fees and expenses to a prevailing party in a civil action brought against the United States for judicial review of agency action, unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. §2412(d)(1)(A). In addition, the requested fees and costs must be reasonable. Carbonell v. I.N.S., 429 F.3d 894, 898 (9th Cir. 2005).

The prevailing party must submit its application for fees and expenses within 30 days of the final judgment in the action. 28 U.S.C. §2412(d)(1)(B). The Court of Appeals issued its opinion and judgment on December 2, 2005. Plaintiffs filed their application for attorney's fees and expenses with the Court of Appeals on January 28, 2006. The application was filed within 30 days of the final judgment. The Court of Appeals transferred the application to the

ORDER - 4

District Court in an order filed on February 21, 2006 (#84). The court finds that plaintiffs' motion is timely.

The prevailing party must also show that he or she is eligible to receive an award under the EAJA.  28 U.S.C. §2412(d)(1)(B); <u>Love v. Reilly</u>, 924 F.2d 1492, 1494 (9th Cir. 1991)(citation omitted).  A party is "eligible" if he or she is an individual whose net worth did not exceed $2,000,000 at the time the action was filed.  28 U.S.C. §2412(d)(2)(B). Plaintiffs have provided a declaration demonstrating that their net worth is below three hundred thousand dollars. Plaintiffs are eligible to receive an award under the EAJA.

A claimant is considered a prevailing party when he meets two criteria.  <u>Carbonell</u>, 429 F.3d at 898.  First, he achieves a material alteration in the legal relationship of the parties.  <u>Id.</u>  Second, the alteration is judicially sanctioned.  <u>Id</u>.

A material alteration in the legal relationship between the parties occurs when one of the parties is required to take an action that directly benefits the other party that they would not otherwise have to take.  <u>Id</u>. at 900.  In <u>Carbonell</u>, the Ninth Circuit found that a stipulation for the stay of deportation materially altered the legal relationship between the parties.  <u>Id</u>.

ORDER - 5

"[A] litigant can be a prevailing party even if he has not obtained affirmative relief [on the merits] in his underlying action." Id.  For example, a party who obtains a remand is a prevailing party even if he does not ultimately succeed with his claim before the agency.  Id.

In this case, the Ninth Circuit vacated the IBLA's decision and remanded the case for further administrative proceedings.  This terminated the case in the District Court. The Ninth Circuit found that the IBLA erred in applying the 25% overhead surcharge to the labor rate to determine labor costs and required the agency to hear evidence regarding the overhead labor costs that might apply to a mom and pop operation. (Waters v. Jossie No. 04-36082 Memorandum Opinion filed December 2, 2005).  The court finds that plaintiffs' obtained a judicial ruling that materially altered the legal relationship between the parties and that for purposes of the EAJA they are prevailing parties. See Carbonell, 429 F.3d at 898-901 (finding that plaintiff who obtained a stay of deportation was a prevailing party); See also Rueda-Menicucci v. I.N.S., 132 F.3d 493, 495 (a party who obtained a reversal of the agency decision and a remand for further administrative proceedings based on the agency applying an improper standard is a prevailing party under the EAJA).

Once a party has established that he filed a timely application, he is eligible for an award, and he is the prevailing party, an award of fees in mandatory, unless the government's position was substantially justified or special circumstances exist that make an award of fees unjust. <u>See Love</u>, 924 F.2d at 1494-1495. The government has the burden of proving the substantial justification exception applies. <u>Id</u>. at 1495. To satisfy this burden, the government must demonstrate that its position had a reasonable basis both in law and fact. <u>U.S. v. Real Property Known as 22249 Dolorosa Street, Woodland Hills, Cal.</u>, 190 F.3d at 984. (citation and quotations omitted).

The government's position encompasses both the position the government took in the litigation and the action or failure to act by the agency upon which the litigation is based. 28 U.S.C. §2412(d)(2)(D). "Examination of the reasonableness of the government's litigation position encompasses examination of the position on the merits, then focuses upon extraneous circumstances bearing upon the reasonableness of the government's decision to take the case to trial. Extraneous circumstances include relevant legal or factual precedents. " <u>Oregon Natural Resources Council v. Madigan</u>, 980 F.2d 1330, 1331-1332 (9th Cir. 1992)(citation and quotations omitted).

ORDER - 7

The record shows that the BLM's had at least two reasons
for contesting the claim: 1) the plaintiffs' failed to mine
the claim diligently, indicating they were occupying it
primarily for residential purposes; and 2) the mineral
examiner's economic analysis showed that there was no
discovery of a valuable mineral deposit.  These reasons had a
reasonable basis both in law and in fact.  The record supports
the government's position that the plaintiffs were not mining
the claim on a regular basis and that the costs of mining
would be prohibitive.

The record also shows that the plaintiffs' failed to
present any evidence to rebut the government's 25% overhead
labor costs.  The use of this figure to estimate overhead
costs was upheld by the IBLA as well as the District Court,
and was not reversed until the Ninth Circuit's opinion.  In
addition, the Ninth Circuit panel was split in its decision,
which further evidences the reasonableness of the BLM pursuing
its litigation position.  The BLM's position was consistent
with previous IBLA rulings on the issue of labor overhead
costs.

Based on the foregoing, as well as the government's
submissions,  the court finds that the government met its
burden of showing it was substantially justified.  The record
shows that the BLM had a substantial legal and factual basis

for contesting the validity of the plaintiffs' mining claim and for litigating the validity of the use of the 25% cost overhead charges.

### III. ORDER

Based on the forgoing, plaintiff's motion for expenses and attorney's fees (#68) is denied.

DATED this _____17_____ day of August, 2006.

_____/s/_____
UNITED STATES MAGISTRATE JUDGE